UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION-DETROIT

IN RE:

    CASEY ROLAND THEBOLT                 Chapter 7
                                                Case No. 09-74840
                Debtor.                         Judge: Shefferly
_____/

Gerald Rowe,

        Plaintiff.                                Adversary No:

-vs-

Casey Roland Thebolt,

        Defendant
_____/
Virginia W. Gourlay (P68787)
UAW Legal Services Plan
Attorney for Plaintiff
36177 Mound Rd.
Sterling Heights, MI 48310
586-446-4605
virginiago@uawlsp.com
_____/

**COMPLAINT TO HAVE DEBT TO GERALD ROWE
EXCEPTED FROM DISCHARGE PURSUANT TO 11 U.S.C. 523(a)(4) and 11 U.S.C. 523(a)(2)**

      NOW COMES Plaintiff, Gerald Rowe, by his attorneys, UAW Legal Services Plan, and state

as follows by way of their Complaint against Defendant:

**JURISDICTION**

      1. Plaintiff is a creditor in Defendant's Bankruptcy and was included in the Schedule F

filed by the Debtor in this Chapter 7 proceeding.

      2. Plaintiffs' status of creditor arises out of judgment interred for a contract for home

improvements with Defendant dated February 11/25/2004. Plaintiff has obtained a State Court

Judgment against defendant for this debt.

1

3. This Court has jurisdiction to hear this cause of action pursuant to 28 USC 157. This proceeding is a core proceeding.

## FACTUAL ALLEGATIONS

4. On or about November 25, 2004, Plaintiff and Contractor entered into a contract to have the following home improvement work done at Plaintiff's residence: tear out and removal of existing concrete drive, preparation of base by leveling with aggregate and power compacting, installation of steel reinforcement and isolation joint material, pour 4" of concrete to new dimensions, new parking area to right of garage, widened drive from sidewalk to garage, widened approach, wooden steps to rear porch to be removed and reattached, and removal of rubble and clean up area.

5. The agreement was in the form of a written contract, a copy of which is attached as Exhibit A.

6. The contract price for the work to be done was six thousand four hundred ($6,400) dollars.

7. The Plaintiff has made payments on the contract to the Contractor totaling three thousand two hundred ($3,200) dollars.

8. Contractor started the work, and damaged the electrical conduit to the garage circuit. Contractor then abandoned work and refused to finish work or return Plaintiff's calls.

9. Contractor misrepresented to Plaintiff that he was a licensed contractor in the State of Michigan. See Exhibit B.

10. Completion or repair of the contracted-for work in a competent and professional manner has cost the Plaintiff five thousand six hundred ($5,600) dollars to date, in addition to any sums paid on the contract.

11. In addition, Plaintiff has suffered damage in the amount of four hundred fifty ($450) dollars to cover the following costs: the repair of the conduit which runs to the garage from the garage circuit

12. Plaintiff has sustained damages in the amount of: two thousand eight hundred and fifty ($2,850) dollars.

13. Plaintiff obtained a default judgment against the defendant in 41-B District Court in the State of Michigan on 09/28/2005, which included Court costs and interest. The plaintiff has not received any payment on this judgment and judgment interest in the amount of $692.73, has accrued, for a total amount owing of $3,059.49.

## COUNT I
## FRAUD WHILE ACTING IN A
## FIDUCIARY CAPACITY – 11 USC 523(a)(4)

14. Plaintiff realleges and incorporates by reference all the above paragraphs.

15. The money paid to Contractor for the home improvement contract was to be held in trust for use on this project, pursuant to MCLA 570.151, the Building Contract Trust Fund Act.

16. Contractor did not complete contracted work, and money paid for this work was not applied to this building project.

17. Contractor breached the fiduciary duty owed to Plaintiff and converted Plaintiff's funds held in trust.

18. The failure of Defendant to return Plaintiffs' funds, has resulted in damages to Plaintiffs, and constitutes fraud while acting in a fiduciary capacity as set forth in 11 USC 523(a)(4) thereby excepting the debt owed to Plaintiff from discharge in this Chapter 7 proceeding.

## COUNT II
## FRAUDULENT MISREPRESENTATION
## 11 USC 523(a)(4)

19. Plaintiff realleges and incorporates by reference all the above paragraphs.

20. Defendant intentionally made false representations of material fact to Plaintiff regarding defendant's licensing status with the State of Michigan, as set forth in preceding paragraphs.

21. Defendant's representations were false when they were made.

22. Defendant knew that his representations were false when they were made or it made them recklessly, without knowing whether they were true.

23. Defendant intended that Plaintiff rely on the representations.

24. Plaintiff relied on Defendant's false representation in signing the proposal and issuing a deposit check to Defendant.

25. As a result of Defendant's fraudulent misrepresentations, Plaintiff has suffered substantial economic losses.

26. Defendant's actions constitute actual fraud as set forth in 11 U.S.C. 523(a)(2)(A) thereby excepting the debt owed to Plaintiffs from Discharge.

WHEREFORE, Plaintiffs ask that this Court enter an order rendering the obligation of Debtor as set for above, non-dischargeable in this Chapter 7 proceeding and further that Plaintiff be awarded interest, court costs and attorney fees.

Date: February 12, 2010   /s/ Virginia W. Gourlay_____
Virginia W. Gourlay (P68787)
UAW Legal Services Plan
36177 Mound Rd.
Sterling Heights, MI 48310
586-446-4605
virginiago@uawlsp.com